CULLEN & DYKMAN LLP
100 Quentin Roosevelt Boulevard
Garden City, NY 11530
(516) 357-3700
Matthew G. Roseman, Esq.
Bonnie L. Pollack, Esq.
Michael Traison, Esq.

Proposed Counsel for the Debtor

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x
                                                                 :
In re:                                                           : Chapter 11
                                                                 :
Montauk Cliffs LLC,                                              : Case No. 22-70312-reg
                                                                 :
                                                                 :
                        Debtor.                                  :
                                                                 :
---------------------------------------------------------------- x

### AFFIDAVIT PURSUANT TO LOCAL BANKRUPTCY RULE 1007-4

STATE OF NEW YORK     )
                      )ss:
COUNTY OF SUFFOLK     )

**ELI WILNER,** being duly sworn, deposes and says:

1. I am the manager of Montauk Cliffs LLC, debtor and debtor-in-possession in the above-captioned case (the "Debtor").

2. I submit this affidavit pursuant to Rule 1007-4 of the Local Bankruptcy Rules for the Eastern District of New York (the "Local Rules") in support of the Debtor's petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") filed on the date hereof (the "Petition Date"). Except as otherwise indicated, all facts set forth in this affidavit are based upon personal knowledge, my review of relevant documents, or my opinion based upon

experience, knowledge, and information. If called upon to testify, I would testify competently to the facts set forth in this Affidavit.

### I. INFORMATION REQUIRED BY LOCAL RULE 1007-4

3. Local Rule 1007-4(a)(i): The Debtor is not a small business debtor.

4. Local Rule 1007-4(a)(ii): The Debtor is a single asset real estate debtor.

5. Local Rule 1007-4(a)(iii): The nature of the Debtor's business and the circumstances leading to the filing of this case are as follows:

The Debtor is a holding company which owns two parcels of land comprising 47.5 acres of ocean front real property with 400 feet of beach on the Atlantic Ocean in Montauk, New York. The property is improved by an approximate 6,600 square foot single family residence located at 42 Old Montauk Highway, Montauk New York (the "Property") which serves as my principal residence.

The Property is encumbered by a mortgage, in the disputed amount of approximately $34,500,000 held by Case Montauk, LLC. ("Case"). Pursuant to a judgment of foreclosure dated January 22, 2021 (the "Foreclosure Judgment"), the Property was scheduled to be sold at auction on February 24, 2022 (the "Foreclosure Sale"). The Foreclosure Sale has now been stayed by virtue of the Debtor's bankruptcy filing. The court should take notice that a notice of appeal of the Foreclosure Judgment has been filed and the Debtor intends to vigorously pursue that appeal. For that reason, the Debtor has scheduled the claim of Case as disputed in its schedules.

By way of background, the Debtor borrowed approximately $17,750,000 from Case in August of 2016 with a contractual interest rate of Libor plus 9.5% with an interest floor of 10%. The effective rate of interest in the first year was 19.5%, inclusive of points and related charges. As part of the loan facility with Case, 1 year of interest was pre-paid. The Debtor's intention was

to use this time to try to refinance the debt at more conventional interest rates. Thereafter, the Debtor paid an additional 2% extension fee. Unfortunately, the Debtor was not able to find a suitable lender to refinance this debt, and Case declared the loan in default, increasing the interest rate to 24%, and commenced a foreclosure action in August of 2018.

The Debtor believes that the Property has a fair market value of approximately $40,000,0000. This belief is supported by the Appraisal performed by Goodman Marks. The Debtor further believes that given the opportunity to properly market the Property, a sale can be achieved that will satisfy the claim of Case and provide for a substantial distribution to all other creditors.

It is the Debtor's intention to promptly file a plan of liquidation that will provide for the marketing and sale of the Property. It is submitted that such an orderly sales process will be in the interest of all creditors, including Case.

6. Local Rule 1007-4(a)(iv): Not applicable because the Debtor's case was not originally commenced under Chapter 7 or 13.

7. Local Rule 1007-4(a)(v): Not applicable because no committee was organized prior to the Petition Date.

8. Local Rule 1007-4(a)(vi): Schedule 1 hereto lists the following information with respect to each of the holders of the Debtor's twenty (20) largest unsecured claims, excluding claims of insiders: the creditor's name, address (including the number, street, apartment or suite number, and zip code, if not included in the post office address), telephone number, the name(s) of persons(s) familiar with the Debtor's accounts if known, the amount of the claim, and an indication of whether the claim is contingent, unliquidated, disputed or partially secured.

9. Local Rule 1007-4(a)(vii): Schedule 2 hereto provides the following information with respect to each of the holders of the Debtor's six (6) largest secured claims: the creditor's name and address (including the number, street, apartment or suit number, and zip code, if not included in the post office address), the amount of the claim, a brief description of the claim, an estimate of the value of the collateral securing the claim, and whether the claim or lien is disputed.

10. Local Rule 1007-4(a)(viii): Schedule 3 hereto is a summary of the Debtor's assets and liabilities.

11. Local Rule 1007-4(a)(ix): Not applicable because none of the securities of the Debtor are publicly held.

12. Local Rule 1007-4(a)(x): Not applicable because none of the Debtor's property is in the possession or custody of any custodian, public officer, mortgagee, pledgee, assignee of rents or secured creditor, or agent for any such entity.

13. Local Rule 1007-4(a)(xi): The Debtor is not an operating business.

14. Local Rule 1007-4(a)(xii): The Debtor's only asset, and the location of its books and records, is 38-42 Old Montauk Highway, Montauk, New York 11954. The Debtor has no assets outside the territorial limits of the United States.

Local Rule 1007-4(a)(xiii): Schedule 4 hereto provides a list of current litigations involving the Debtor.

15. Local Rule 1007-4(a)(xiv): Eli Wilner has the manager of the Debtor since its inception. The Debtor has no other management.

16. Local Rule 1007-4(a)(xv): Not applicable since the Debtor has no payroll.

17. Local Rule 1007-4(a)(xvi): Not applicable since the Debtor has no officer payroll.

18. Local Rule 1007-4(a)(xvii):  Not applicable since the Debtor will incur no

expenses over the next 30 days.

        19.     Local Rule 1007-4(a)(xviii): A schedule of the Debtor's current insurance policies is included in Schedule 5 hereto.

        20.     Local Rule 1007-4(a)(xix): A schedule of the Debtor's bank accounts is included in Schedule 6 hereto.

        Montauk Cliffs LLC

        By: /s/ Eli Wilner
        Eli Wilner, Manager

Sworn to on the
2nd day of February, 2022

/s/ John J. McDonald
Notary Public, State of New York
No. 01MC5037839, Suffolk County
Commission Expires 2023

## Schedule 1

**20 Largest Unsecured Claims (Excluding Insiders)**

**See Attached**

| Fill in this information to identify the case: | | |
|---|---|---|
| Debtor name | Montauk Cliffs, LLC | |
| United States Bankruptcy Court for the: | EASTERN DISTRICT OF NEW YORK | |
| Case number (if known): | | |

☐ Check if this is an amended filing

# Official Form 204
## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders
12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| Shore Painting<br>153 Powell Ave<br>Unit 7<br>Southampton, NY 11968 | | | | | | $108,726.48 |
| Suffolk Cty Comptroller<br>330 Center Drive<br>Riverhead, NY 11901 | | | Unliquidated | | | $182,933.81 |
| US Premium Finance<br>280 Technology Parkway<br>Suite 200<br>Norcross, GA 30092 | | | | $32,099.20 | $0.00 | $32,099.20 |
| Weber Law Group<br>290 Broadhollow Road<br>Suite 200E<br>Melville, NY 11747 | | | | | | $104,065.00 |

## Schedule 2

**6 Largest Secured Claims**

| Creditor | Amount of Claim | Description of Claim | Value of Collateral Securing Claim | Lien or Claim Disputed (Y/N) |
|---|---|---|---|---|
| Case Montauk LLC<br>336 West Passaic Street<br>Third Floor<br>Rochelle Park, NJ 07662 | $34,500,000 | Mortgage; Judgment of Foreclosure | $40,000,000 | Y |
| US Premium Finance<br>280 Technology Parkway<br>Suite 200<br>Norcross, GA 30092 | $32,099 | Dividends, Unearned Premiums, Payments on Claims | Unknown | |

## Schedule 3

### Summary of Debtor's Assets and Liabilities

Assets:

| | |
|---|---|
| Real Property | $40,000,000 |
| Personal Property | $265.00 |
| Total | $40,000265 |

Liabilities:

| | |
|---|---|
| Secured Claims | $34,532,099 |
| Priority Claims | $182,933 |
| Unsecured Claims | $212,791 |
| Total | $34,927,823 |

## Schedule 4

### Pending Litigation and Claims

Case Montauk, LLC v. Montauk Cliffs, LLC, et al., Index No. 615374/2018 Foreclosure Action; Judgment of Foreclosure entered; Sale scheduled; Judgment on appeal

## Schedule 5

### Insurance Policies

| Insurance Company | Type of Coverage |
|---|---|
| Scottsdale Insurance Co.<br>RT Specialty<br>3960 Howard Hughes Parkway<br>Suite 500<br>Las Vegas, NV 89169 | Homeowners |
| Scottsdale Insurance Co.<br>RT Specialty<br>3960 Howard Hughes Parkway<br>Suite 500<br>Las Vegas, NV 89169 | Umbrella |
| US Underwriters Insurance Co.<br>RT Specialty<br>3960 Howard Hughes Parkway<br>Suite 500<br>Las Vegas, NV 89169 | Personal Liability |

**Schedule 6**

**Bank Accounts**

| Bank | Type of Account | Number |
|---|---|---|
| Bank of America<br>590 Madison Avenue<br>33rd Floor<br>New York, NY 10022 | Checking | xxxxxxxx8727 |

22373.2000 20275457