UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------------- x
                                                                    :

In re:                                                             :  Chapter 11

MONTAUK CLIFFS, LLC,                          :  Case No. 22-70312 (REG)

                                        Debtor.                       :

------------------------------------------------------------------------------- x

### ORDER CONFIRMING SECOND AMENDED CHAPTER 11
### PLAN FILED BY MONTAUK CLIFFS, LLC

A petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") having been filed on February 23, 2022 by Montauk Cliffs, LLC (the "Debtor"); and the Debtor having filed with this Court a Second Amended Chapter 11 Plan [ECF No. 51] (the "Plan") and a Second Amended Disclosure Statement Pursuant to Section 1125 of the Bankruptcy Code (the "Disclosure Statement") both dated April 21, 2022; and

A hearing having been held on April 20, 2022 (the "Disclosure Statement Hearing") to approve the Disclosure Statement as then subsequently amended on April 21, 2022; and by Order dated April 21, 2022 (the "Approval Order"), this Court, *inter alia*, (i) approved the Disclosure Statement as containing adequate information in accordance with section 1125 of the Bankruptcy Code, (ii) authorized the transmittal of a solicitation package (the "Solicitation Package") to all creditors entitled to vote under the Plan, (iii) fixed May 26, 2022 as the last date for receipt of Ballots[1] accepting or rejecting the Plan, (iv) fixed May 26, 2022 as the last date for filing objections to confirmation of the Plan, and (v) scheduled the hearing on confirmation of

---

[1] All capitalized terms used but not otherwise defined herein shall have the meanings ascribed in the Plan or the Approval Order, as applicable.

the Plan to occur on June 8, 2022, which was later adjourned to August 10, 2022 (the "Confirmation Hearing"); and

It appearing from the affidavits of service on file with this Court that the Solicitation Package has been served in accordance with the Approval Order; and the Ballots of acceptances and rejections of the Plan by the holders of Claims entitled to vote having been received and tallied; and upon the certification of Ballots filed on May 27, 2022 (the "Ballot Certification") [ECF No. 61] by Cullen and Dykman LLP ("C&D"), as Balloting Agent; and the Confirmation Hearing having been conducted on June 8, 2022; after hearing the arguments of counsel and any evidentiary testimony required; and upon the record of the Disclosure Statement Hearing and of the Confirmation Hearing and of all proceedings heretofore had herein; and due deliberation having been had, and sufficient cause appearing to me therefor; and

As a result of the Confirmation Hearing, this Court having determined and found that:

A.      Pursuant to 28 U.S.C. §§ 157 and 1334, this Court has jurisdiction over the Debtor's bankruptcy case and all contested matters and adversary proceedings therein or relating thereto. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. Confirmation of the Plan is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L) and this Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed, and this Court shall retain jurisdiction for all purposes under and in connection with the Plan, confirmation of the Plan and all disputes arising out of or relating to the confirmation and consummation of the Plan and under and in connection with all documents executed in furtherance of the Plan;

B.      All persons, entities or governmental agencies entitled or required to receive notice have received due, proper and adequate notice of the Disclosure Statement Hearing and the Confirmation Hearing;

C. The Plan complies with the applicable provisions of chapter 11 of the Bankruptcy Code, including, without limitation, the proper classification of Claims as permitted by section 1122 of the Bankruptcy Code;

D. The Debtor, as the proponent of the Plan, has complied with the applicable provisions of the Bankruptcy Code;

E. Pursuant to section 1123(a) of the Bankruptcy Code, the Plan: (i) specifies those Classes of Claims and Interests that are not impaired under the Plan, (ii) specifies the treatment of each Class of Claims and Interests that is impaired by the Plan, (iii) provides the same treatment for each Claim or Interest of a particular Class, unless the holder of a particular Claim or Interest agrees to a less favorable treatment of such particular Claim or Interest, and (iv) provides adequate means for the implementation of the Plan;

F. The Plan has been proposed in good faith and not by any means forbidden by law;

G. Pursuant to section 1126(b) of the Bankruptcy Code, the solicitation of votes to accept or reject the Plan was in compliance with all applicable law, rules and regulations governing the adequacy of disclosure in connection with such solicitation, and such solicitation was conducted after disclosure of adequate information as defined in section 1125 of the Bankruptcy Code;

H. No insider will be retained or employed by the Debtor after the Effective Date of the Plan;

I. (i) Any payment made or promised by the Debtor or by any person issuing securities or acquiring property under the Plan, for services or for costs and expenses in, or in connection with, the Debtor's Chapter 11 Case, or in connection with the Plan and incident to the Debtor's Chapter 11 Case, has been disclosed to this Court; and (ii) any payment made before

confirmation of the Plan is reasonable, or if such payment is to be fixed upon or after confirmation of the Plan, such payment is subject to the approval of the Court as reasonable;

J.  For the reasons stated on the record at the Confirmation Hearing, with respect to each Class designated by the Plan, each Holder of a Claim or Interest in such Class has accepted the Plan, or will receive or retain under the Plan, on account of such Claim or Interest, property of a value, as of the Effective Date of the Plan, that is not less than the amount such Holder would receive or retain if the Debtor was liquidated under chapter 7 of the Bankruptcy Code on such date;

K.  The treatment under the Plan of Claims of the type specified in section 507 of the Bankruptcy Code complies with the provisions of section 1129(a)(9) of the Bankruptcy Code;

L.  At least one Class of Claims that is impaired under the Plan has accepted the Plan, determined without including any acceptance of the Plan by any insider holding a Claim in such Class;

M.  Allowed Priority Tax Class shall receive 100% of the Allowed amount of such Claims, or funds sufficient to pay such Claims in full upon Allowance shall be escrowed if Debtor's counsel, on the Effective Date;

N.  There are no Holders of any Claims or Interests that are junior to Holders of any Claims in Class 4 of the Plan (General Unsecured Claims) that will receive or retain any property of the Debtor's estate under the Plan, unless Claims in Class 4 are paid in full;

O.  All of the applicable requirements of section 1129(a) and (b) of the Bankruptcy Code have been met with respect to the Plan;

P.  Confirmation of the Plan is not likely to be followed by the need for further financial reorganization of the Debtor and the Court finds that the Plan is feasible pursuant to

section 1129(a) (11) of the Bankruptcy Code;

Q.      No governmental or regulatory commission has jurisdiction over rates charged by the Debtor;

R.      The procedures by which the Ballots were distributed and tabulated were fair, properly conducted and complied with the prior orders of this Court;

S.      All fees payable under 28 U.S.C. § 1930 have been paid or will be paid on or before the Effective Date, and thereafter will be paid in the ordinary course;

T.      The Debtor is not obligated to pay retiree benefits and therefore section 1129(a)(13) of the Bankruptcy Code is inapplicable;

U.      The Debtor is not required to pay a domestic support obligation and therefore section 1129(a)(14) of the Bankruptcy Code is inapplicable;

V.      The Debtor is not an individual and therefore section 1129(a)(15) of the Bankruptcy Code is inapplicable;

W.      No transfers of property are being made by a non-profit entity under the Plan and therefore section 1129(a)(16) of the Bankruptcy Code is inapplicable; and

X.      The objections to Confirmation, if any, that were not withdrawn, are overruled.

IT IS THEREFORE ORDERED, DECREEED AND ADJUDICATED THAT:

1.      The findings set forth hereinabove are hereby incorporated and shall be deemed to be an Order of this Court. This Court's oral findings of fact and conclusions of law, if any, made at the Confirmation Hearing are further incorporated herein by reference.

2.      The Plan dated April 21, 2022 be, and hereby is, approved and confirmed pursuant to section 1129 of the Bankruptcy Code; and the Debtor be, and hereby is, authorized to take all steps necessary to effectuate consummation of the Plan and the payments and

distributions therein set forth, all in conformity with the terms of the Plan.

3. Except to the extent: (a) the Debtor previously assumed or rejected an executory contract or unexpired lease; (b) an executory contract previously expired or terminated pursuant to its own terms; or (c) prior to the Confirmation Date, the Court has entered an order authorizing the assumption, and (if applicable) assignment, of an executory contract or unexpired lease, the Debtor's executory contracts and unexpired leases shall be deemed rejected as of the Confirmation Date pursuant to sections 365(a) and 1123(b)(2) of the Bankruptcy Code. The listing or identification of a document as an executory contract or unexpired lease shall not be deemed a finding of fact or conclusion of law that such document is a valid and/or enforceable executory contract or unexpired lease.

4. Notwithstanding any contrary provision of any non-bankruptcy law, of any agreement or of any publicly recorded document, the Sale of the Property pursuant to the Plan shall be free and clear of any and all liens, claims, encumbrances and interests pursuant to section 363(f) of the Bankruptcy Code.

5. The Debtor and/or a purchaser of the Property may record this Order, or a memorandum thereof, in the appropriate land records with respect to the Property. The clerk or recorder for such land records shall accept a copy or copies of the foregoing for recording without the requirement of the payment of any fee or stamp tax.

6. The closing on the Sale of the Property will be on or after the Confirmation Date and, therefore, the Sale of the Property pursuant to the Plan shall be exempt from transfer taxes in accordance with section 1146 of the Bankruptcy Code, and any and all recording offices are directed to accept and record any deed, mortgage or other instrument of transfer without requiring the payment of any such taxes.

7. The proceeds of the Sale shall be distributed in accordance with the Plan and Disclosure Statement.

8. **Supplemental Administrative Claim Bar Date**. **Proofs of claim or applications for payment of Administrative Claims (other than Fee Claims) arising subsequent to February 23, 2022 and before the Confirmation Date (the date of entry of this Order) must be filed with the Court and served as set forth in the Plan no later than thirty (30) days following the Confirmation Date. Any Person who fails to file such a proof of claim or application with the Court within that time shall be forever barred from asserting such Administrative Claim including without limitation, against the Debtor, the Estate, or their property or commencing or continuing any action, employment of process, or act to collect, offset, or recover any such Administrative Claim.**

9. **Fee Claims. All applications for payment of Fee Claims for services rendered through the Confirmation Date must be filed with the Court no later than thirty (30) days following the Confirmation Date. Any Person or entity that fails to file such an application on or before such date shall be forever barred from asserting such a Fee Claim against any of the Debtor, the Estate, or their property and the holder thereof shall be permanently enjoined from commencing or continuing any action, employment of process or act to collect, offset or recover such an Fee Claim.**

10. **Rejection Damage Claim. Any Claim for damages arising by reason of the rejection through the Plan of any pre-petition executory contract or unexpired lease must be filed on or before thirty (30) days following the Confirmation Date, and upon the failure of any entity to file such claim on or before such date, such entity shall be forever barred from asserting a claim on account of the rejection of such unexpired lease or executory**

**contract, but shall nevertheless be bound by the provisions of the Plan. Nothing herein will extend any prior Bar Date set by prior order of the Bankruptcy Court.**

11. Any objections to confirmation of the Plan that have not been withdrawn are denied and overruled in their entirety.

12. In the event of any inconsistency between: (a) the Plan, any order of this Court issued prior to the Confirmation Date, or any agreement, instrument or document intended to implement the Plan or be executed in furtherance of the Plan and (b) this Confirmation Order, the provisions of this Confirmation Order shall govern and shall supersede any such provision of the Plan, or any such agreement, instrument, document or order of this Court issued prior to the Confirmation Date which are inconsistent with this Confirmation Order.

13. The provisions of the Plan shall bind all holders of Claims and Equity Interests and their respective successors and assigns, whether or not they accept they Plan.

14. The terms and provision of the Plan are incorporated into this Confirmation Order by reference thereto as if each term and provision was set forth herein as the findings, determinations and ordered provisions of this Order, and the failure to specifically include any particular term or provision in this Confirmation Order shall not diminish or impair the force or effect of such term or provision of the Plan.

15. This Court hereby retains jurisdiction for the purposes provided for in the Plan, for such other purposes as may be necessary to aid in the confirmation, consummation and implementation of the Plan, including the Sale of the Property free and clear of all claims, liens and interests, including for any purpose for which this Court previously retained jurisdiction by any prior order of this Court.

16. All fees owing to the Office of the Clerk of the Bankruptcy Court must be paid in

full by the Debtor within ten (10) days hereof.

17. All fees due and payable under 28 U.S.C. § 1930 shall be paid by the Debtor on or before the Effective Date of the Plan. In addition, the Debtor shall continue to make payments due under 28 U.S.C. U.S.C. § 1930, plus, to the extent due and payable thereunder, interest pursuant to 31 U.S.C. § 3717, until the entry of a Final Decree, dismissal of the Chapter 11 Case or conversion of the Chapter 11 Case to a case under chapter 7 of the Bankruptcy Code. Also, the Debtor shall file quarterly Post Confirmation Reports and schedule quarterly post-confirmation status conferences with the Court.

Dated: Central Islip, New York
August 12, 2022

Robert E. Grossman
United States Bankruptcy Judge